UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GERALD NEAL BABINEAUX** : | | **CIVIL ACTION NO. 2:15-cv-1792** |
| **DOC #222961** | | **SECTION P** |
| **VERSUS** : | | **JUDGE TRIMBLE** |
| **EARL B. TAYLOR, D.A.,** | | |
| **27TH JUDICIAL DISTRICT COURT** : | | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gerald Neal Babineaux ("Babineaux"). Babineaux is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is incarcerated at Allen Correctional Center in Kinder, Louisiana. Babineaux names St. Landry Parish District Attorney Earl B. Taylor (hereinafter "Taylor") as defendant. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Babineaux was convicted of manslaughter on February 25, 1999, in the 27th Judicial District Court, St. Landry Parish, Louisiana. Doc. 1, att. 2, p. 10. He was sentenced to serve forty years at hard labor without benefit of probation, parole, or suspension of sentence. *Id.*

Here Babineaux alleges that he has been denied access to the courts because the defendant has denied him access to evidence which would prove that he did not commit the crime of which he was convicted. Doc. 5, p. 4. In his complaint, Babineaux provides the court with a summary

of the procedural history of his criminal case. Doc. 5, att. 1, pp. 1-3. He states that his retained trial attorney moved the trial court to have the shirts worn by the decedent at the time of the homicide "scientifically tested with S-4, dagger with points, and S-5, butcher knife picked up in the kitchen at decedent's home." *Id.* at p. 1. His attorney also sought Post-Conviction Relief "on the New Scientific Test; asserting . . . New Factual *Brady*. . . Claims." *Id.* Babineaux claims that an evidentiary hearing was held and the trial court denied the relief sought. *Id.* at p. 2.

Babineaux's attorney sought writs in the Third Circuit Court of Appeals, which were denied on June 24, 2013. Doc. 5, att. 1, p. 2, Doc. 1, att. 2, p. 52. He sought a writ of review in the Louisiana Supreme Court, which was denied on April 17, 2014. Doc. 5, att. 1, p. 3., Doc. 1, att. 2, p. 73. Babineaux filed a Motion Requesting Authorization to file a Second Habeas Corpus Petition in the Fifth Circuit Court of Appeal which was denied. Doc. 5, att. 1, p. 3, Doc. 1, att. 2, p. 91-92. Thereafter, he filed an "Omnibus Motion Requesting Production of Real and Demonstrative Evidence and for Issuance of Subpoenas for Expert Factual Testimony on the Grounds of Due Process" in the trial court. Doc. 5, att. 1, p. 3, Doc. 1, att. 2, p. 94-101. Babineaux does not provide the ruling on that motion.

In his complaint, Babineaux maintains that he is not challenging the fact or duration of his state court criminal conviction. Doc. 5, p. 3. Rather, he is asking this court to order that he be provided access to two shirts worn by the victim at the time of his homicide; the dagger knife with points; the butcher knife picked up in the kitchen at the decedent's home; evidence generated from the Acadiana Crime Lab; photographs; and other exculpatory evidence. Doc. 5, p. 4.

- 3 -

## II.
### LAW AND ANALYSIS

#### A. *Frivolity Review*

Babineaux has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

#### B. *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a

person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

The court is convinced that Babineaux has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Babineaux's allegations as true and giving him the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

C. *Access to Courts*

Babineaux argues that by denying him access to the evidence he requested he is being denied meaningful access to the courts. Doc. 5, p. 4. In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *See also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, "it encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement.'" *Id*. at 310–311.

In *Lewis v. Casey* 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), the Supreme Court found that the right of access to the courts does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. *Id*. at 2182. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and

incarceration. *Id*. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir.1993).

The Supreme Court also explained in *Lewis* that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury," i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis,* 518 U.S. at 351; *see also Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir.1991)(A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice.)

Babineaux has not shown that his ability to prepare and transmit legal documents has been inhibited. In fact, by his own admission, he has shown the opposite to be true. In his complaint, he states "[p]laintiff has presented this claim to the State Courts in collateral proceeding(s) as a claim of withholding evidence in violation of the U.S. Supreme Court's case of *Brady* … . He has also presented this claim to the federal courts — including the U.S. Supreme Court — in 28 U.S.C. § 2254 proceedings, both venues proving to be unsuccessful." Doc. 5, att. 1, p. 3.

We further note that he has also filed a motion requesting authorization to file a successive habeas corpus petition pursuant to 28 U.S.C. § 2254 which the Fifth Circuit denied and an "Omnibus Motion Requesting Production of Real and Demonstrative Evidence and for Issuance of Subpoenas for Expert Factual Testimony on the Grounds of Due Process." Doc. 1, att. 2, p 91-92, 94-102, Doc. 5, att. 1, p. 3.

Babineaux has clearly not been denied the opportunity to present his claims to the courts, both on the state and federal level.  His claims should be dismissed.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Babineaux's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 19th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE